**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:15-mj-00855 |
| | ) | |
| JAMES DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING GOVERNMENT'S MOTION**
**FOR REVOCATION OF RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's order permitting pretrial release of Defendant James Douglas ("Douglas"). Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has considered the Magistrate Judge's Order of Release contained in the transcript of the proceedings held on November 23, 2015, the pretrial services report ("PS3") prepared by the United States Probation Office, the Government's Motion for Revocation of Release Order (Filing No. 10), the Defendant's Response in Opposition (Filing No. 11), as well as evidence, exhibits and argument submitted at the November 23 and November 24, 2015 hearings. The Court finds that the Government has not met its burden of proof that Douglas is a risk of flight or that there are no conditions or combination of conditions which would overcome the unacceptable risk that Douglas's release poses a danger to any person or the community. Accordingly, the Government's Motion for Revocation of Release Order is **DENIED.**

## I.    FINDINGS OF FACT

On November 16, 2015, a criminal complaint was issued which found probable cause exists for the arrest of James Douglas for two counts: (1) possession with intent to distribute 100 grams

or more of heroin in violation of Title 21, United States Code, Section 841(a)(1); and (2) possession with intent to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).  Douglas was stopped and arrested while driving a vehicle.  At the time of his arrest law enforcement located heroin on Douglas's person, but did not locate any firearms on his person nor in the vehicle that he was driving.  The Government moved for pretrial detention because defendant is charged in the criminal complaint with an offense for which the maximum term of imprisonment is ten years or more; therefore, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community pursuant to 18 U.S.C. § 3142(e); as well as the risk that defendant would fail to appear at future court hearings, pursuant to 18 U.S.C. § 3142(f)(2)(A).  The parties agree that under the Bail Reform Act there is a presumption for detention as the offenses charged under the Controlled Substances Act for which the maximum penalty is ten years or more.

A detention hearing was held on November 23, 2015 during which the Magistrate Judge found the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community, or by a preponderance of evidence that Douglas was a risk of flight and Douglas was ordered released under certain conditions.  The Government moved for a stay of the Magistrate Judge's order pending review by the District Court.

At the hearing before this Court, the Government presented argument that Douglas has numerous prior arrests and two prior convictions, primarily for driving with a suspended license and possession of marijuana, and he has failed to appear in court on two occasions.  At the time of his alleged conduct in this case, Douglas was released on bond for the felony offense of Operating a Vehicle as a Habitual Violator with a sentencing hearing scheduled for December 2, 2015.  The

circumstances of the offense involve controlled substances and Douglas is alleged to be dealing in both heroin and cocaine. A search of his home uncovered an AR15 military grade assault rifle, a .357 caliber revolver, and a .22 caliber semiautomatic handgun. Additionally, Douglas is a polysubstance abuser of both marijuana, cocaine and opiates.

Through proffer, the evidence before the Court is that Douglas has no passport. He is a lifelong resident of Marion County, and can reside in a home in Indianapolis, Indiana with his father; however, in his PS3 he also lists an Indianapolis address with a girlfriend. Douglas has some self-employment with his father's body shop, at a pizza shop, and at a beauty/barber shop in Indianapolis. Douglas was not armed at the time of his arrest and there is no evidence that he was armed at the time of any drug transactions. The firearms were located in closets and it is not alleged that he carried or used firearms in the course of drug trafficking. Douglas was cooperative with law enforcement at the time of his arrest, disclosed narcotics on his person and his place of business, as well as admitted ownership of the firearms in his residence.

## II.   <u>CONCLUSIONS OF LAW</u>

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3)  the history and characteristics of the person, including;

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above.  Among the factors presented for the Court's consideration is Douglas's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history and record concerning appearances at court proceedings.  18 U.S.C. § 3142(g)(3)(A).  However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community.  *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The weight of evidence against Douglas is strong and favors detention.  Specifically, the evidence shows that between October 30, 2015 and November 10, 2015 an undercover agent made

three purchases of heroin from Douglas and the purchases were captured on both audio and video recordings. A search of Douglas's home and business recovered heroin, cocaine, scales, drug paraphernalia, $45,000.00 in cash, and firearms.

However, the Court finds that Douglas has adequately rebutted the presumption that he is a risk of flight. Douglas has sufficient ties to the community and has resided in this community all of his life. Further, Douglas was cooperative during the time of his arrest and in the course of execution of the arrest and search warrant, and he does not have a passport.

The Government has not shown by clear and convincing evidence that no conditions exist which could be imposed to ensure that Douglas is not a danger to the community and a danger to the safety of any other person in the community. Douglas's two failures to appear in traffic court occurred when he was 20 and 21 years old and did not result in convictions. His prior convictions are for misdemeanor possession of marijuana and driving with a suspended license. Finally, the probation officer has offered that defendant's appearance and safety to the community can be ensured with certain conditions of release. While the weight of evidence against Douglas in this matter is strong, there are strict conditions including home incarceration and electronic monitoring, firearms removal, and restrictions on personal association, residence and travel (including that Douglas shall not operate a motor vehicle) which will ensure that he is not a danger to the community.

## III.  CONCLUSION

For the reasons stated above, the District Court's *de novo* determination is that the Government has failed to meet its burden of proof and, therefore, the Government's Motion for Revocation of Release Order (Filing No. 10) is **DENIED**.

**SO ORDERED.**

Date:  11/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott DeVries
DEVRIES LAW OFFICE
sdevries@devries-law.com

Stephen Gray
Attorney at Law
misstuffy@aol.com

Barry Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Electronic copy to United States Probation Office

Electronic copy to United States Marshal Service